# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

CASE NO. 6:17-cv-00417-ORL-40-DCI

SUSAN STEVENSON as Personal Representative of the Estate of JUDITH I. MINNECI,

                  Plaintiffs,

vs.

BRENNTAG NORTH AMERICA INC.; BRENNTAG SPECIALTIES, INC. F/K/A MINERAL AND PIGMENT SOLUTIONS, INC., F/K/A WHITAKER, CLARK & DANIELS, INC.; COLGATE-PALMOLIVE CO; CYPRUS AMAX MINERALS CO., individually and as successor in interest of CHARLES MATHIEU; IMERYS TALC AMERICA, INC., individually and as successor in interest to and/or F/K/A LUZENAC AMERICA, INC., LUZENAC, INC. and CYPRUS AMAX MINERALS CO., individually and as successor in interest to CHARLES MATHIEU; JOHNSON & JOHNSON; JOHNSON & JOHNSON CONSUMER, INC.; MINERAL AND PIGMENT SOLUTIONS INC., F/K/A WHITTAKER CLARK & DANIELS, INC.; PFIZER, INC.; PUBLIX SUPER MARKETS, INC.; WHITTAKER CLARK & DANIELS, INC.,

                  Defendants.
_____/

## DEFENDANTS JOHNSON & JOHNSON AND JOHNSON & JOHNSON CONSUMER, INC.'S AMENDED NOTICE OF REMOVAL

Defendants Johnson & Johnson (J&J) and Johnson & Johnson Consumer Inc.

Shook, Hardy & Bacon L.L.P.
Miami Center, Suite 3200 | 201 S. Biscayne Blvd. | Miami, Florida 33131-4332 | **t** 305.358.5171
806820 v1

("JJCI", and collectively "J&J Defendants"), hereby remove this action, which is currently pending in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, Case No. 2017-ca-000990, to the United States District Court for the Middle District of Florida, Orlando Division.  In support of this Notice of Removal, the J&J Defendants state the following:

## INTRODUCTION

1.  On February 2, 2017, Plaintiff Susan Stevenson, as Personal Representative of the Estate of Judith Minneci, filed a product liability action against the J&J Defendants and other defendants allegedly involved in the mining and distribution of talc and/or the design, manufacture and sale of talcum powder products.  *See generally* Plaintiffs' Complaint (Compl.), attached as Exhibit A.  Plaintiff alleges that her mother, Ms. Minneci, was exposed to asbestos and asbestiform fibers from Defendants' talc and talcum powder products at various locations during the time period 1942 through 1985. (Compl. ¶ 7.) She further alleges that Ms. Minneci developed terminal peritoneal malignant mesothelioma as a result of her exposure and has since passed away. (Compl. ¶¶ 5-6.)[1]

2.  Plaintiffs' Complaint fails to identify the particular products which Plaintiff alleges exposed her Decedent to asbestos and asbestiform fibers.  Likewise, Plaintiffs' Complaint fails to allege each defendants' involvement with the design, manufacture, sale and distribution of the talc and talcum powder products Plaintiffs

---

[1] Plaintiff's Complaint alternatively spells the Decedent's last name as Minneci and Menneci. Plaintiff's Sworn Information Form and attached medical records identify the Decedent as Judith Minneci. Therefore, that is the spelling used throughout this Notice of Removal.

allege were contaminated with asbestos.

3. Nonetheless, Plaintiffs assert claims in negligence and strict liability against Defendants Brenntag North America, Inc., Brenntag Specialties, Inc., Colgate-Palmolive Co., Cyprus Amax Minerals Co., Imerys Talc America, Inc., Johnson & Johnson, JJCI, Mineral and Pigment Solutions Inc., Pfizer, Inc., and Whittaker Clark & Daniels, Inc.  In contrast, Plaintiffs assert only a negligence claim against defendant Publix Super Markets, Inc. ("Publix"), seemingly conceding that Publix is a non-manufacturing seller (which it is).

4. The Court has original jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Pursuant to 28 U.S.C. § 1446(a), copies of all documents currently in the state court file are attached as Exhibit B.

## DIVERSITY OF CITIZENSHIP EXISTS

6. Upon information and belief, at all times relevant hereto, including at the time of her death, Plaintiff's Decedent was a Minnesota citizen.  As such, Plaintiff is a Minnesota citizen for diversity jurisdiction. *See North v. Precision Airmotive Corp.*, 600 F.Supp.2d 1263 (M.D. Fla. 2009) (citizenship of personal representative is determined by citizenship of decedent in wrongful death action); *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1170 (11th Cir. 2007) ("Where an estate is a party, the citizenship that counts for diversity purposes is that of the decedent, and she is deemed to be a citizen of the state in

which she was domiciled at the time of her death.").

7. Although Plaintiffs' Complaint does not specify Decedent's citizenship, property records show that Ms. Minneci sold her home in Altamonte Springs, Florida on September 2, 2014 and, upon information and belief, moved to St. Paul, Minnesota on or around that time. *See* Warranty Deed, attached as Exhibit C (listing a St. Paul, Minnesota address for Ms. Minneci); *see also Katz v. J.C. Penney Corp., Inc.*, Case No. 09-CV-60067, 2009 U.S. Dist. LEXIS 51705 (S.D. Fla., June 1, 2009) (noting "a party's residence is *prima facie* evidence of a party's domicile … [and] a party's domicile is equivalent to his citizenship). In fact, a utility connection was made for Ms. Minneci in St. Paul, Minnesota on September 12, 2014. Moreover, Ms. Minneci died in Minnesota on May 24, 2015. *See* attached Minnesota Department of Health, Deceased Search Form, attached as Exhibit D; *see also King*, 505 F.3d at 1170-72 (explaining that a decedent is deemed to be a citizen of the state in which she is domiciled at the time of her death and that there is a presumption that a decedent is domiciled in the place of her residence at the time of death).

8. At all times material hereto, JJCI and Johnson & Johnson were and are New Jersey corporations with principal places of business in New Jersey. (Compl. ¶¶ 17-18.) For purposes of determining diversity, a corporation is deemed a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Thus, pursuant to 28 U.S.C. § 1332(c)(1), JJCI and Johnson & Johnson are citizens of New Jersey.

9. Similarly, Defendants Brenntag North America, Inc., Brenntag Specialties

Inc., Mineral Pigment and Solutions, Inc., and Whittaker, Clark & Daniels, Inc. are citizens of Delaware and Pennsylvania (Compl. ¶¶ 12-13, 19, 22); Defendants Colgate-Palmolive Co. and Pfizer Inc. are citizens of Delaware and New York (Compl. ¶¶ 14, 20); Defendant Cyprus Amax Minerals Co. is a citizen of Delaware and Arizona (Comp. ¶ 15.); Defendant Imerys Talc America, Inc. is a citizen of Delaware and Georgia (Compl. ¶ 16.); and Defendant Publix Super Markets, Inc. is a citizen of Florida. (Compl. ¶ 21.)

10.  Because Plaintiff a citizen of Minnesota is diverse from all defendants, complete diversity exists.

11.  Similarly, 28 U.S.C. section 1441(b)(2) is not a barrier to removal here because Publix Super Markets, Inc., a Florida defendant, was fraudulently joined. A choice of law analysis indicates that either Minnesota or Illinois law should apply to this action because those states have the most significant relationships to this action: Minnesota is the state where the Decedent chose to establish domicile from 2014 through her death, where the Decedent presumably underwent medical treatment during that time period, the state of domicile of Plaintiff, the Decedent's personal representative, and the state in which the Decedent was domiciled at the time of her death. Similarly, Illinois is the state in which the Decedent had the greatest period of alleged exposure.[2] Plaintiff's negligence claim against Publix is barred under both Minnesota and Illinois law.

12.  Joinder is fraudulent "when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Wiles v. Capitol Indem. Corp.,*

---

[2] Plaintiff alleges that the Decedent was exposed to asbestos-containing talcum powder products in five states over the course of forty-three years, the latest exposure occurring over thirty years ago. Plaintiff alleges 21 years of exposure in Illinois, 5 years of exposure in Iowa, 4 years of exposure in Wisconsin, and 12 years of exposure in Florida.

280 F.3d 868, 871 (8th Cir. 2002) (citations omitted); *Morris v. Nuzzi*, 718 F.3d 660, 666 (7th Cir. 2013) ("To establish fraudulent joinder, a removing defendant must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant.") (citations omitted.)

13. Minnesota Statute section 544.41 provides a seller's exception to product liability claims and shields Publix from liability. *See* Minn. Stat. § 544.41; *see also Masepohl v. Am. Tobacco Co., Inc.*, 974 F.Supp. 1245 (D. Minn. 1997) (denying remand); *Block v. Toyota Motor Corp.*, Case No. 10-2802 ADM, 2010 WL 5422555, *5 (D. Minn. Dec. 23, 2010) (finding no reasonable basis in law or fact for strict liability claim against seller, dismissing claims, and denying remand); *Leedahl v. Rayco Manufacturing, Inc.*, Case No. 06-310, 2006 WL 1662959 (D. Minn. May 15, 2006) (denying motion to remand and holding that, where manufacturer is a party to the action and exceptions to the statute do not apply, all product liability claims against seller fail as a matter of law).[3]

14. Here, it is undisputed that the manufacturers of the talcum powder products allegedly sold by Publix (Johnson & Johnson Consumer, Inc., Colgate-Palmolive, and Pfizer) are already joined as parties in this litigation. Moreover, none of the exceptions to Minnesota's seller exception are applicable here and Publix did not have actual knowledge of any alleged defects allegedly associated with the talcum

---

[3] Minnesota merges the theories of strict liability and negligence as to failure-to-warn and design-defect claims. *Piotrowski v. Southworth Prod. Corp.*, 15 F.3d 748, 751 (8th Cir. 1994) ("Where design defect [or failure-to-warn] cases are involved, Minnesota merges the theories of strict liability and negligence.") (citing *Bilotta v. Kelley Co.*, 346 N.W.2d 616, 622–23 (Minn. 1984) (merging negligent and strict liability design or warnings cases into single theory of products liability)).

powder products it sold.

15. Similarly, Plaintiff's negligence claim is barred under Illinois law because Publix was not involved in the design and manufacture of the products at issue and did not have actual knowledge of any alleged defects allegedly associated with the talcum powder products it sold and, not being involved in the products' design or manufacture, no superior knowledge of any alleged dangers. *See Gray v. Nat'l Restoration Sys., Inc.*, 820 N.E. 2d 943, 956 (Ill. App. 2004); *McGolgan v. Environmental Control Sys., Inc.*, 212 Ill.App.3d 696, 700 (Ill. App. 1991).

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

16. It is clear from the face of the Complaint that the amount in controversy exceeds $75,000, exclusive of interests and costs. Where, as here, the jurisdictional amount is not expressly alleged, "removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *see also Roe v. Michelin N. America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007) (holding that jurisdiction is proper where "the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them"). A court may also consider the removal notice and post-removal evidence concerning the amount in controversy. *See id.* at 1213. District courts need not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 770 (11th Cir. 2010). In

conducting this analysis, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062.

17.  "Certain injuries are by their very nature so substantial as to make it readily apparent that the amount in controversy requirement is satisfied." *See Sanderson v. Daimler Chrysler Motor Corp.*, No. 07-0559-WS-B, 2007 WL 2988222, at *1 (S.D. Ala. Oct. 9, 2007). Here, Plaintiffs allege that Decedent Judith Minneci was diagnosed with terminal peritoneal malignant mesothelioma as a result of her exposure to asbestos and asbestiform fibers. (Compl. ¶ 6.) Plaintiff further alleges that both she and the Decedent's other surviving adult child have suffered and will continue to suffer the loss of Decedent's services, support, income, companionship, protection, consortium and care and comfort of her society, as well as severe mental pain, grief and suffering as a result of Decedent's injuries. Plaintiff also alleges that Plaintiff and/or Decedent's Estate were required to spend various sums of money for Decedent's funeral expenses (Compl. ¶ 55), and that Decedent's estate has lost and will continue to lose earnings, net income, and net accumulations. (Compl. ¶ 56). Plaintiffs seek compensatory damages for all of these harms.[4] Given the nature of these allegations, this Court can easily conclude that the amount in controversy in this matter exceeds $75,000 exclusive of costs and interests.

18.  Similarly, multiple courts have recognized that the amount in controversy in cases involving mesothelioma or similar illnesses exceeds $75,000. *See Miller v. Am.*

---

[4]  The J&J Defendants take no position on whether the damages requested by Plaintiff in her complaint are actually recoverable under Florida's Wrongful Death Act, as either a factual or legal matter.

*Art Clay Co. Inc.*, 28 F. Supp. 3d 825, 828 (W.D. Wis. 2014) (acknowledging amount in controversy met where clay purchaser died from mesothelioma); *Bourke v. Exxon Mobil Corp.*, No. CV 15-5347, 2016 WL 836872, at *3 (E.D. La. Mar. 4, 2016) ("The parties agree, and the Court finds, the amount-in-controversy requirement is satisfied. Plaintiff alleges he contracted 'malignant mesothelioma,' which is an 'incurable terminal cancer', as a result of his exposure to asbestos. It is facially apparent that the amount-in-controversy exceeds $75,000.")(internal citations omitted); *In re Silica Prod. Liab. Litig.*, 398 F. Supp. 2d 563, 646 (S.D. Tex. 2005) (concluding that "it is facially apparent that each of the claims exceed the jurisdictional amount of $75,000" in cases involving claims of personal injuries from inhalation of silica).

19. Although the J&J Defendants deny any liability, it is evident that the amount in controversy in this matter exceeds $75,000, exclusive of interests and costs.

**REMOVAL IS OTHERWISE PROPER**

20. Plaintiff commenced this action on February 2, 2017. Both J&J and JJCI were served with Plaintiff's complaint on February 15, 2017. Therefore, this removal is timely pursuant to 28 U.S.C. § 1446(b).

21. Venue exists in the Middle District of Florida, Orlando Division, because the Circuit Court of Orange County, Florida, is within the Orlando Division.

22. All defendants properly served at the time of removal consent to this removal. *See* Consents to Removal, attached as Exhibit E.

23. Written notice of the filing of the Notice of Removal will be promptly served on all counsel of record and a copy will be promptly filed with the Clerk of the

Circuit Court for Orange County, Florida, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal to Federal Court is attached as Exhibit F.

WHEREFORE, Johnson & Johnson and Johnson & Johnson Consumer Inc. remove this case to the Orlando Division of the United States District Court for the Middle District of Florida, from the Circuit Court for Orange County, Florida.

Dated: March 17, 2017.

    Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P**.
Miami Center, Suite 3200
201 South Biscayne Blvd.
Miami, Florida 33131
Telephone: (305) 358-5171
Facsimile: (305) 358-7470

By: /s/ *Jennifer A. McLoone*
    HILDY M. SASTRE
    Fla. Bar No. 026492
    hsastre@shb.com
    JENNIFER A. McLOONE
    Fla. Bar No. 029234
    jmcloone@shb.com

*Counsel for Defendants:*
*Johnson & Johnson and*
*Johnson & Johnson Consumer Inc.*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on March 17, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

                                                               By:  s/*Jennifer A. McLoone*
                                                                   Jennifer A. McLoone

## **SERVICE LIST**

| | |
|---|---|
| Gabriel S. Saade, Esquire<br>THE FERRARO LAW FIRM, P.A.<br>600 Brickell Avenue, Suite 3800<br>Miami, Florida 33131<br>T:  305.375.0111<br>F:  305.379.6222<br>E:  gss@ferrarolaw.com<br><br>*Counsel for Plaintiffs* | Geralyn M. Passaro, Esquire<br>LITCHFIELD CAVO LLP<br>Radice Corporate Center<br>600 Corporate Drive, Suite 600<br>Ft. Lauderdale, Florida 33334<br>T:  954.689.3000<br>F: 954-689..3001<br>E:  passaro@litchfieldcavo.com<br>E:  donaldson@litchfieldcavo.com<br><br>*Counsel for Defendant:*<br> *Cyprus Amax Minerals Co. and*<br> *Imerys Talc America, Inc.* |
| Hugh J. Turner Jr., Esquire<br>David M. Hawthorne, Esquire<br>AKERMAN LLP<br>Las Olas Centre II, Suite 1600<br>350 East Las Olas Boulevard<br>Ft. Lauderdale, Florida 33301<br>T:  (954) 463-2700<br>F:  (954) 463-2224<br>E:  hugh.turner@akerman.com<br>E:  grace.veniero@akerman.com<br>E:  david.hawthorne@akerman.com<br>E:  deborah.johnson@akerman.com<br><br>*Counsel for Pfizer, Inc.* | Michael J. Crist, Esquire<br>DEMAHY LABRADOR DRAKE VICTOR ROJAS & CABEZA<br>6400 North Andrews Avenue, Suite 210<br>Ft. Lauderdale, Florida 33309<br>T:  (954) 299-9951<br>F:  (954) 229-9978<br>E:  mcrist@dldlawyers.com<br>E:  olimpia@dldlawyers.com<br><br>*Counsel for Colgate Palmolive Co.* |
| Janna M. Nuzum, Esquire<br>MCGIVNEY & KLUGER, P.C.<br>4901 N.W. 17th Way, Suite 202<br>Ft. Lauderdale, Florida 33309<br>T:  (954) 848-3681<br>F:  (954) 523-8002<br>E:  jnuzum@mklaw.us.com<br>E:  jsteiner@mklaw.us.com<br><br>*Counsel for:*<br>***Brenntag North America, Inc.***<br>***Brenntag Specialities Inc.***<br>***Whittaker, Clark & Daniels, Inc.*** | |