# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SUSAN STEVENSON,**

      **Plaintiff,**

v.                                                                   Case No: 6:17-cv-417-Orl-40DCI

**CYPRUS AMAX MINERALS CO.,**
**IMERYS TALC AMERICA, INC.,**
**JOHNSON & JOHNSON CONSUMER**
**INC., PUBLIX SUPERMARKETS, INC.**
**and JOHNSON & JOHNSON,**

      **Defendants.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S AMENDED MOTION FOR LEAVE TO AMEND COMPLAINT (Doc. 91)** |
| **FILED:** | **January 30, 2018** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT DR. FINKELSTEIN'S REPORT (Doc. 124)** |
| **FILED:** | **February 21, 2018** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

I. **BACKGROUND.**

    **A. The Complaint and Case Management.**

In February 2017, Susan Stevenson (Plaintiff), as Personal Representative of the Estate of Judith I. Minneci (Decedent),[1] filed this wrongful death action in state court against Cyprus Amax Minerals Co., Imerys Talc America, Inc., Johnson & Johnson, Johnson & Johnson Consumer, Inc., and Publix Supermarkets, Inc. (collectively, Defendants). Doc. 2.[2]

The complaint filed in state court remains the operative complaint. In it, Plaintiff alleges that Decedent used asbestos-contaminated talc and talcum powder products from 1942 through 1985. Doc. 2 at ¶ 7. Plaintiff alleges that these products caused Decedent to develop peritoneal malignant mesothelioma, which, in turn, resulted in her death in May 2015. *Id*. at ¶¶ 5-6.

The action was removed to this Court in March 2017. Doc. 1.

On May 19, 2017, the Court entered the Case Management and Scheduling Order setting the following relevant deadlines:

- Motions to Add Parties or to Amend Pleadings = June 15, 2017
- Plaintiff's Disclosure of Expert Reports = January 2, 2018
- Defendants' Disclosure of Expert Reports = February 1, 2018
- Discovery Deadline = March 1, 2018

Doc. 59 at 1-2. The Court has not extended any of these deadlines.

---

[1] Plaintiff is the Decedent's daughter. Doc. 2 at ¶ 2.

[2] Plaintiff named several other defendants, Doc. 2, but those defendants have been dismissed from the case.

### B. Discovery.

Defendants served Plaintiff with their First Set of Interrogatories, which contained the following interrogatory:

> 10. Please identify each and every asbestos product to which you were exposed during your life; providing the frequency, proximity, and duration of exposure; the dates and locations of such exposures; the brand and trade name of each product, the manufacturer and distributor of each product; and the type of product (brakes, clutches, joint compound, etc.).

On October 13, 2017, Plaintiff served Defendants with her answers to their First Set of Interrogatories. Doc. 103-2. In response to the foregoing interrogatory, Plaintiff stated that the Decedent was exposed to talc products between 1942 and 2009. *Id*. at 7-8. This appears to be the first instance in which Plaintiff alleged that the Decedent was exposed to talc products beyond the 1985.

Plaintiff was deposed on October 24, 2017. Doc. 91-1. At her deposition, Plaintiff essentially testified that the Decedent regularly used talc products as part of her daily hygiene routine, and, thus, suggested that the Decedent continued to use talc products beyond 1985 until the date of her death. *See, e.g.*, *id*. at 42.

Michael Minneci, the Decedent's son, was deposed on December 1, 2017. Doc. 91-2. At his depositions, Mr. Minneci, like Plaintiff, essentially testified that the Decedent regularly used talc products as part of her daily hygiene routine, and, thus, suggested that the Decedent continued to use talc products beyond 1985 until the date of her death. *See, e.g.*, *id*. at 21.

### C. The Motions.

On January 30, 2018, Plaintiff filed an Amended Motion for Leave to Amend Complaint (Motion to Amend), seeking leave to file an amended complaint that includes new allegations that

the Decedent was exposed to talc products from 1942 through 2015, the year of her death. Doc. 91.

Defendants filed separate responses to the Motion to Amend. Cyprus Amax Minerals Co. and Imerys Talc America, Inc. state that they do not oppose Plaintiff's request for leave to file an amended complaint, so long as the Court extends the remaining deadlines to account for a need to conduct further discovery. Doc. 102. Johnson & Johnson, Johnson & Johnson Consumer, Inc., and Publix Supermarkets, Inc. (Johnson Defendants), on the other hand, object to Plaintiff's request for leave to file an amended complaint, and, as a result, request the Motion to Amend be denied. Doc. 103.

On February 21, 2018, Plaintiff filed a Motion for Leave to Supplement Dr. Finkelstein's Report (Motion to Supplement). Doc. 124. Dr. Murray Finkelstein's initial expert report focused on the Decedent's exposure to talc products from 1942 to 1985. *Id*. at ¶ 4. Plaintiff requests leave to permit Dr. Finkelstein's supplemental expert report, which contains additional analysis concerning the Decedent's exposure to talc products from 1985 to 2015. *Id*. at ¶ 6. The Motion to Supplement is opposed. *Id*. at 5.

II. **ANALYSIS.**

Plaintiff seeks leave to file an amended complaint that alleges that the Decedent regularly used asbestos-contaminated talc products from 1942 to 2015. Doc. 91 at ¶ 7. Thus, Plaintiff is attempting to extend the period during which the Decedent was exposed to talc products by 30 years. Plaintiff argues that evidence of the Decedent's exposure to talc products between 1985 and 2015 came to light during Plaintiff's and Mr. Minneci's depositions. *Id*. at ¶¶ 5-6, 13. Thus, Plaintiff argues that the amendment is necessary in order to conform the pleadings "to the factual discoveries made during the discovery period." *Id*. at ¶ 13. Further, Plaintiff argues that this

amendment will not prejudice Defendants, because they had an opportunity to question Plaintiff and Mr. Minneci during their respective depositions, and, thus, had an opportunity to explore their statements concerning the Decedent's alleged use of talc products after 1985. *Id*. at ¶¶ 9, 12.

The Johnson Defendants argue that Plaintiff either knew or should have known about the Decedent's use of talc products from 1985 through 2015 prior to filing this action, and, thus, it is not newly discovered evidence. Doc. 103 at 3-4. Thus, the Johnson Defendants essentially argue that Plaintiff has failed to demonstrate good cause for leave to file an amend complaint after the deadline to do so has passed. *Id* at 4-5. Further, the Johnson Defendants argue that permitting amendment at this late stage in the proceedings would be unduly prejudicial. *Id*. at 5-6.

"The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." *Laurie v. Alabama Court of Criminal Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001). A party seeking leave to amend its complaint after he or she previously has amended the complaint, or after a responsive pleading has been filed, may amend the complaint "with the opposing party's written consent or the court's leave," which must be freely given "when justice so requires." Fed. R. Civ. P. 15(a). However, once the Court enters a scheduling order setting a deadline to amend the pleadings, the deadline to amend the pleadings may only be modified for "good cause" and with the Court's consent. Fed. R. Civ. P. 16(b)(4); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Id*. (internal quotations omitted). "A plaintiff lacks diligence when, prior to the scheduling order deadline, he either (1) had full knowledge of the information with which he later sought to amend his complaint, or (2) failed to seek the information he needed to determine whether to amend the complaint."

*Donley v. City of Morrow, Ga.*, 601 F. App'x 805, 811 (11th Cir. 2015) (citing *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 n.3 (11th Cir. 2009)).

The Motion to Amend was filed long after the deadline to amend the pleadings passed. Thus, Plaintiff must demonstrate good cause why she should be granted leave to file the amended complaint. Fed. R. Civ. P. 16(b); *Sosa*, 133 F.3d at 1418. Although Plaintiff does not address the good cause standard under Rule 16(b), it appears she argues that she could not have moved to amend the Complaint sooner because she only recently discovered that the Decedent continued to use talc products from 1985 through 2015. Doc. 91 at ¶¶ 5-6, 13. Specifically, Plaintiff argues that the information concerning the Decedent's continued use of talc products came to light during Plaintiff's and Mr. Minneci's depositions. *Id*. This argument defies logic. Here, the "recently discovered" information concerning the Decedent's use of talc products after 1985 came first from Plaintiff's own responses to Defendants' interrogatories, then from Plaintiff's own deposition, and finally from the deposition of Plaintiff's brother. Thus, it is reasonable to assume that Plaintiff, the Decedent's daughter, knew or should have known of the Decedent's use of talc products from 1985 through 2015 prior to filing this action – and she was certainly aware of these facts months ago, when responding to interrogatories and testifying at her deposition. Indeed, Plaintiff fails to explain why she was not aware of the Decedent's continued use of talc products prior to filing the action. Thus, on this record, it appears that Plaintiff knew about Decedent's use of talc products after 1985 prior to the deadline to amend the pleadings, and simply failed to timely move to amend the complaint. Therefore, Plaintiff has failed to demonstrate good cause to amend the complaint. *See Sosa*, 133 F.3d at 1419 (concluding that plaintiff failed to show good cause for leave to amend complaint after the deadline to do so passed because "the information supporting the proposed amendment to the complaint was available to [her] even before she filed suit.").

Further, the Court finds that Defendants would be unduly prejudiced by granting Plaintiff leave to the file an amended complaint. Plaintiff seeks to extend the period during which the Decedent was exposed to talc products by 30 years. This massive extension would undoubtedly require a significant amount of additional discovery. Defendants, though, have completed discovery, and the discovery period is closed. Thus, Defendants would be unduly prejudiced if the Court were to permit Plaintiff to file the amended complaint, because they would have to expend significant time and expense in conducting additional written discovery, depositions, and expert discovery about the Decedent's alleged use of talc products between 1985 and 2015. This is particularly true given the fact that Plaintiff more than likely knew or should have known of the Decedent's use of talc products after 1985 prior to filing the action. Thus, the prejudice Defendants would suffer if Plaintiff was granted leave to file the amended complaint is an additional and independent reason to deny the Motion to Amend. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (finding that a court may deny a motion for leave to amend the pleadings where the amendment would cause undue prejudice to the opposing party).

Finally, the resolution of the Motion to Supplement is dependent on whether the Court grants the Motion to Amend, because it seeks leave to supplement Dr. Finkelstein's expert report with additional analysis concerning the Decedent's exposure to talc products from 1985 to 2015. Doc. 124 at ¶ 6. Since the Motion to Amend is due to be denied, the Motion to Supplement is also due to be denied.

### III. CONCLUSION.

Accordingly, it is **ORDERED** that:

1. The Motion to Amend (Doc. 91) is **DENIED**; and

2. The Motion to Supplement (Doc. 124) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on March 7, 2018.

                                              DANIEL C. IRICK
                                              UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties