## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

SUSAN STEVENSON,

    Plaintiff,

v.                                    Case No. 6:17-cv-417-PGB-DCI

CYPRUS AMAX MINERALS CO.,
IMERYS TALC AMERICA, INC.,
JOHNSON & JOHNSON CONSUMER
INC., PUBLIX SUPER MARKETS, INC.,
WHITTAKER CLARK & DANIELS, INC.,
and JOHNSON & JOHNSON,

    Defendants.
_____/

## DEFENDANTS JOHNSON & JOHNSON CONSUMER INC., JOHNSON & JOHNSON, AND PUBLIX SUPER MARKETS, INC.'S UNOPPOSED MOTION TO EXCUSE "LEAD TRIAL COUNSEL" FROM IN PERSON MEETING REGARDING AND SIGNATURE ON THE JOINT FINAL PRETRIAL STATEMENT

Defendants Johnson & Johnson Consumer Inc., Johnson & Johnson, and Publix Super Markets, Inc. (collectively "Defendants") respectfully request that this Court excuse Defendants from the requirements that "lead trial counsel" must: (i) attend the in person meeting preceding the Joint Final Pretrial Statement; and (ii) sign the Joint Final Pretrial Statement. (Doc. 59 at 2, 9, 10). Instead, Defendants request that this Court permit Defendants' lead counsel of record, Stephen Krigbaum and Ryan Cobbs, to appear at the required meeting and sign the required Joint Final Pretrial Statement.

As explained in detail below, at this time no individual has been designated as lead trial counsel for Defendants in this case. Defendants rely on a limited number of

114784541.v3

lawyers that they utilize nationally to try their talc/asbestos cases. Presently, Defendants Johnson & Johnson and Johnson & Johnson Consumer, Inc. ("J&J Defendants") have nine talc-related trials set or currently in progress between now and this Court's August 6, 2018 trial setting, and these nine cases have received or will require trial counsel assignment. Given the uncertainty inherent in whether all such trials will commence, their duration, and the schedules of Defendants' potential trial counsel, Defendants will not be in a position to confirm lead trial counsel for this case by June 5 or 19, 2018, which are the deadlines for the in person meeting and the filing of the Joint Final Pretrial Statement, respectively. However, attorneys Stephen Krigbaum and Ryan Cobbs, who are responsible for the J&J Defendants' docket of talc-related asbestos cases pending within Florida state and federal courts, have taken a lead role in pre-trial matters; are well-versed in all aspects of this case; are available to attend the meeting on behalf of Defendants; are available to sign the Joint Final Pretrial Statement; and are the attorneys best suited to discuss, seek agreement on, and conduct the tasks required.

Accordingly, Defendants respectfully request that the Court permit Mr. Krigbaum and Mr. Cobbs to attend the required in person meeting and to sign the required Joint Final Pretrial Statement, in lieu of a yet-to-be-designated lead trial counsel. Defendants have conferred with Plaintiff and can represent that Plaintiff has no objection to this requested relief. In support, Defendants state as follows:

1.      This is a wrongful death, asbestos case currently set for trial on August 6, 2018. The Court's Case Management and Scheduling Order ("CMSO") requires lead trial counsel for all parties to meet in person by June 5, 2018 and address the matters set

forth in section III.A-B of the CMSO, including preparation of the Joint Final Pretrial Statement. (Doc. 59 at 2, 9-10). The CMSO also requires lead trial counsel to sign the Joint Final Pretrial Statement, which is due by June 19, 2018. (Doc. 59 at 2, 10).

2. The J&J Defendants are presently defending multiple cases across the country involving claims against Johnson & Johnson Consumer Inc. ("JJCI") arising from its talcum powder products.

3. These cases involve thousands of documents, span decades of company history, and focus on sophisticated and specialized scientific issues. To effectively and efficiently defend these cases, Defendants rely on a limited number of trial attorneys who try these cases across the country.

4. However, given the multitude of cases, the numerous and often simultaneous trial settings, and the schedules of trial counsel, the J&J Defendants are often unable to reliably assign trial counsel to a specific case until shortly before trial.

5. Currently, the J&J Defendants have the following talc-related trials set or currently in progress between now and this Court's August 6, 2018 trial setting, and these cases have either received or will require trial counsel assignment:

- (i) *Joanne Anderson and Gary Anderson v. Borg-Warner Corporation, et al.*, Los Angeles County, California Superior Court Case No. BC666513 (in trial);

- (ii) *Bertila Boyd-Bostic and Antoine T. Bostic v. Sonoco Products Company, et al.*, Darlington County, South Carolina Court of Common Pleas Case No. 2017-CP-16-0400 (in trial);

- (iii) *Ilene Brick v. Brenntag North America, Inc., et al.*, Los Angeles County, California Superior Court Case No. BC674595 (in trial);

- (iv) *Carolyn Weirick v. Brenntag North America, Inc., et al.*, Los Angeles County, California Superior Court Case No. BC656425 (May 29, 2018 trial);

114784541.v3

- (v) *Nancy Cabibi and Phil Cabibi v. Avon Products, Inc., et al.*, Los Angeles County, California Superior Court Case No. BC665257 (June 4, 2018 trial);

- (vi) *Gail Ingham and Robert Ingham v. Johnson & Johnson, et al.*, City of St. Louis, Missouri Circuit Court Case No. 1522-CC10417-01 (June 4, 2018 trial);

- (vii) *Kenda Miller and Bruce Miller v. Advance Auto Parts, et al.*, Kanawha County, West Virginia Circuit Court Case No. 17-C-1063 (June 22, 2018 trial);

- (viii) *Kirk Von Salzen and Janet Von Salzen v. American International Industries, Inc.*, et al., Los Angeles County, California Superior Court Case No. BC680576 (July 23, 2018 trial);

- (ix) *Irene Delacruz v. Brenntag North American, Inc., et al.*, Los Angeles County, California Superior Court Case no. BC658576 (July 30, 2018 trial).

6. Here, Defendants' trial counsel will be confirmed and will appear prior to the Court's July 17, 2018 final pretrial conference. However, Defendants are unable to confirm trial counsel for this matter prior to June 5 or 19, 2018 because of the inherent uncertainty and potential changes that may be required, depending on the circumstances and duration of other trials nationally.

7. Defendants respect and appreciate the Court's requirement for lead counsel's presence and its expectation that the parties will have meaningful discussions and make binding decisions during the process of preparing and filing the Final Joint Pretrial Statement. Defendants believe this can be accomplished through the appearance and participation of Defendants' lead counsel of record, Stephen Krigbaum and Ryan Cobbs. Both lawyers have an in-depth knowledge of the case and will have the same authority as trial counsel to reach decisions and bind Defendants during this process.

4

114784541.v3

Additionally, both have litigated numerous cases with Plaintiff's counsel over many years and they maintain a good working relationship that will facilitate this process.

8. Accordingly, Defendants respectfully request that this Court permit Defendants' counsel Stephen Krigbaum and Ryan Cobbs to attend the required in person meeting and to sign the required Joint Final Pretrial Statement, in lieu of lead trial counsel.

WHEREFORE, Defendants respectfully request that this Court enter an Order excusing Defendants from the requirements that lead trial counsel must attend the in person meeting preceding the Joint Final Pretrial Statement and must sign the Joint Final Pretrial Statement, and instead permit Defendants' lead counsel of record – Stephen Krigbaum and Ryan Cobbs – to attend the meeting and sign the Joint Final Pretrial Statement.

114784541.v3

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), Defendants certify that moving counsel have conferred with opposing counsel regarding the relief requested and are authorized to represent that Plaintiff has no objection to the relief requested herein.

**CARLTON FIELDS JORDEN BURT, P.A.**

By: /s/ Stephen J. Krigbaum
Stephen J. Krigbaum (Fla. Bar No. 978019)
(skrigbaum@carltonfields.com)
Ryan S. Cobbs (Fla. Bar No. 912611)
(rcobbs@carltonfields.com)
Michael D. Sloan (Fla. Bar No. 104385)
(msloan@carltonfields.com)

CityPlace Tower – Suite 1200
525 Okeechobee Boulevard
West Palm Beach, FL 33401
Tel: (561) 659-7070
Fax: (561) 659-7368

*Counsel for Johnson & Johnson Consumer, Inc., Johnson & Johnson, and Publix Super Markets, Inc.*

114784541.v3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 23, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

/s/ Stephen J. Krigbaum
Stephen J. Krigbaum

114784541.v3

**SERVICE LIST**

| | |
|---|---|
| Gabriel S. Saade, Esquire<br>David A. Jagolinzer, Esquire<br>Juan P. Bauta II, Esquire<br>THE FERRARO LAW FIRM, P.A.<br>600 Brickell Avenue, Suite 3800<br>Miami, Florida 33131<br>T: 305.375.0111<br>F: 305.379.6222<br>E: gss@ferrarolaw.com<br>E: daj@ferrarolaw.com<br>E: jpb@ferrarolaw.com<br>E: mmb@ferrarolaw.com<br><br>**Counsel for Plaintiff**<br><br>**VIA CM/ECF** | Geralyn M. Passaro, Esquire<br>Morgan F. Spector, Esquire<br>Radice Corporate Center<br>600 Corporate Drive, Suite 600<br>Fort Lauderdale, Florida 33334<br>T: 954.689.3000<br>F: 954.689.3001<br>E: passaro@litchfieldcavo.com<br>E: spector@litchfieldcavo.com<br><br>**Counsel for Cyprus Amax Minerals Co. &<br>Imerys Talc America, Inc.**<br><br>**VIA CM/ECF** |

114784541.v3