# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SUSAN STEVENSON,**

       **Plaintiff,**

**v.**                                          **Case No:  6:17-cv-417-Orl-40DCI**

**CYPRUS AMAX MINERALS CO.,**
**IMERYS TALC AMERICA, INC.,**
**JOHNSON & JOHNSON CONSUMER**
**INC., PUBLIX SUPERMARKETS, INC.**
**and JOHNSON & JOHNSON,**

       **Defendants.**

---

## ORDER

This cause comes before the Court for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE AMENDED WRONGFUL DEATH COMPLAINT TO SEEK PUNITIVE DAMAGES AGAINST DEFENDANTS (Doc. 162)** |
| **FILED:** | **March 29, 2018** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S NEW CONSTITUTIONAL CHALLENGE TO FLORIDA STATUTES SECTION 774.207(1) (Doc. 231)** |
| **FILED:** | **May 15, 2018** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

## I.	Background

In February 2017, Susan Stevenson (Plaintiff), as Personal Representative of the Estate of Judith I. Minneci (Decedent), filed this wrongful death action in state court against Johnson & Johnson (J & J), Johnson & Johnson Consumer, Inc. (JJCI), Imerys Talc America, Inc., and Publix Supermarkets, Inc. (collectively, Defendants).  Doc. 2.[1]  Plaintiff alleged that Decedent used Defendants' asbestos-contaminated talc and talcum products from 1942 through 1985 and that her use of those products caused her to develop peritoneal malignant mesothelioma, which lead to her death in May 2015.  *Id*. at ¶¶ 5-7.

In March 2017, Defendants removed the action to this Court on the basis of diversity jurisdiction.  Doc. 1.

On May 19, 2017, the Court entered the Case Management and Scheduling Order Setting the following relevant deadlines:

- Motions to Add Parties or to Amend Pleadings = June 15, 2017

- Discovery = March 1, 2018

- Dispositive Motions = April 2, 2018

- Trial Term = August 6, 2018

Doc. 59 at 1-3.  The Court has not extended any of these deadlines.

On March 29, 2018, nearly a month after discovery closed, Plaintiff filed a motion seeking leave to file an amended complaint that adds a demand for punitive damages pursuant to Florida Statute § 768.72.  Doc. 162 (the Motion).

---

[1] Plaintiff named several other defendants, Doc. 2, but those defendants have either been dismissed from or settled out of the case.

On April 26, 2018, JJCI filed a response in opposition to the Motion.  Doc. 190.  JJCI

argued that the Motion should be denied for several reasons, including the fact that the proposed

amendment would be futile because Plaintiff is precluded from seeking punitive damages pursuant

to Florida Statute § 774.207(1).  *Id*. at 7-8.

The Motion contained no discussion of section 774.207(1).  *See* Doc. 162.  Thus, on April

30, 2018, the Court *sua sponte* entered an order directing Plaintiff to file a reply addressing JJCI's

arguments, "particularly [its] argument concerning Plaintiff's inability to recover punitive

damages pursuant to Fla. Stat. § 774.207(1)[.]"  Doc. 194.

On May 4, 2018, Plaintiff filed her reply.  Doc. 221.  In her reply, Plaintiff did not argue

that section 774.207(1) was inapplicable.  *See id.*  Instead, Plaintiff, for the first time in this case,

argued that the "Court should decline to apply section 774.207 because it violates the Equal

Protection Clause of the Florida Constitution and therefore the amendment is not futile."  *Id.* at ¶¶

11-15.

On May 15, 2018, JJCI filed a motion to strike Plaintiff's argument challenging the

constitutionality of section 774.207(1), arguing that it was improper to raise such a new argument

in her reply.  Doc. 231 (the Motion to Strike).  Plaintiff has not filed a response to the Motion to

Strike, and the time to do so has passed.  Thus, the Motion to Strike is unopposed.

## II.    Standard of Review

"The decision whether to grant leave to amend a complaint is within the sole discretion of

the district court."  *Laurie v. Alabama Court of Criminal Appeals*, 256 F.3d 1266, 1274 (11th Cir.

2001).   A party seeking leave to amend its complaint after she previously has amended the

complaint, or after a responsive pleading has been filed, may amend the complaint "with the

opposing party's written consent or the court's leave," which must be freely given "when justice

so requires." Fed. R. Civ. P. 15(a). Thus, the court must provide substantial justification if it denies a timely filed motion for leave to amend. *Laurie*, 256 F.3d at 1274. A court has substantial justification to deny a timely motion for leave to amend if it finds: 1) there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; 2) the amendment would cause undue prejudice to the opposing party; or 3) the amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Once the Court enters a scheduling order setting a deadline to amend the pleadings, the deadline to amend the pleadings may only be modified for "good cause" and with the Court's consent. Fed. R. Civ. P. 16(b)(4); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418 (internal quotations omitted). "A plaintiff lacks diligence when, prior to the scheduling order deadline, he either (1) had full knowledge of the information with which he later sought to amend his complaint, or (2) failed to seek the information he needed to determine whether to amend the complaint." *Donley v. City of Morrow, Ga.*, 601 F. App'x 805, 811 (11th Cir. 2015) (citing *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 n.3 (11th Cir. 2009)).

## III.   Analysis

Plaintiff spilled much ink in her Motion arguing why she has a viable claim for punitive damages, but she completely failed to address the standards governing leave to amend in federal court. Doc. 162. Plaintiff attempted to make up for this glaring omission in her reply, Doc. 221, but, as discussed below, her arguments are unpersuasive.

  
Plaintiff moved for leave to amend the Complaint one month after the close of discovery and nine months after the deadline to amend the Complaint.  Thus, Plaintiff must demonstrate that she was diligent in discovering the information needed to amend the Complaint.  *See* Fed. R. Civ. P. 16(b)(4); *Sosa*, 133 F.3d at 1418.  Plaintiff claims that she was not permitted to seek punitive damages until she had sufficient evidence that "would provide a reasonable basis for recovery of such damages."  Doc. 221 at ¶¶ 5-6 (quoting Fla. Stat. § 768.72(1)).  Plaintiff argues that she did not have sufficient evidence to support a request for punitive damages until March 2018, when she finished reviewing the two million documents J & J produced in December 2017 (Doc. 134 at 4-5).  Doc. 221 at ¶ 7.  Thus, Plaintiff essentially argues that she diligently reviewed the information produced by Defendants during discovery and moved to amend the Complaint in accordance with section 768.72(1) as soon as she had sufficient evidence to support a request for punitive damages. *Id*. at ¶ 8.  This argument is unpersuasive.

First, Plaintiff is not bound by the pleading requirement in section 768.72(1).  The Eleventh Circuit has explained that the heightened pleading requirement in section 768.72(1) is not applicable in federal courts sitting in diversity.  *Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1298-99 (11th Cir. 1999), *vacated on other grounds*, 204 F.3d 1069 (11th Cir. 2000).  Thus, a demand for punitive damages may be added to a complaint in a federal case without a proffer of evidence and prior to taking any discovery.  *Id*. at 1299. Therefore, Plaintiff could have moved to amend the Complaint to add a demand for punitive damages shortly after the case was removed to this Court and certainly before the deadline to amend the pleadings passed.  Plaintiff, however, failed to do so and, thus, cannot be said to have acted diligently in seeking leave to amend the complaint prior to the deadline to do so.  *See, e.g.*, *Duffy v. Fox News Network, LLC*, Case No. 6:14-cv-1545-Orl-37TBS, 2015 WL 5009101, at *3-4 (M.D. Fla. Aug. 21, 2015) (denying motion for leave to

amend to add demand for punitive damages that was filed five months after the deadline to amend pleadings, in part, because plaintiffs were not bound by the pleading requirement in Florida Statute § 768.72(1) and, thus, could have, but did not, include a demand for punitive damages "on day-one of [the] action"); *Schenone v. Zimmer Holdings, Inc.*, Case No. 3:12-cv-1046-J-39MCR, 2014 WL 12619908, at *2 (M.D. Fla. June 3, 2014) (denying motion for leave to amend to add demand for punitive damages that was filed on the last day of discovery, in part, because plaintiffs were not bound by the pleading requirement in Florida Statute § 768.72(1) and, thus, could have, but did not, include a demand for punitive damages "at the time they filed their complaint" or "at any time before the deadline to amend pleadings").

Second, even if the pleading requirements in section 768.72(1) applied in federal court, Plaintiff has failed to demonstrate why she could not seek leave to amend the Complaint sooner despite her diligence.  Plaintiff suggests that the information she needed to provide a reasonable basis for the recovery of punitive damages was buried in the two million documents J & J produced in December 2017.  *See* Doc. 221 at ¶¶ 7-8.  Plaintiff, however, bears much of the responsibility for the timing of J & J's disclosure.  First, Plaintiff inexplicably waited nearly two months after the discovery period opened to serve J & J with her written discovery.  *See* Doc. 58 at 2 (stating case management conference occurred on April 24, 2017); Doc. 134 at 2 (stating that Plaintiff served J & J with its written discovery on June 7 and 19, 2017).  Second, Plaintiff inexplicably refused to sign a confidentiality agreement, which was originally presented to her counsel in July 2017, until December 2017,[2] at which time J & J produced the two million documents at issue. Doc. 147 at 5-6.  Thus, the record demonstrates that the delay in obtaining the records Plaintiff

---

[2] Defendants represented that the confidentiality agreement they presented in July 2017 was nearly identical to the agreement Plaintiff signed in December 2017.  Doc. 147 at 5.  Plaintiff has not contested this representation.

now claims were essential in demonstrating a reasonable basis for the recovery of punitive damages was largely caused by Plaintiff's lack of diligence.

Further, Plaintiff does not identify a single document that was produced by J & J in December 2017 that she relied upon in her Motion to demonstrate a reasonable basis for the recovery of punitive damages. *See* Doc. 221. Even assuming Plaintiff relied upon information that was produced by J & J in December 2017, she does not explain how that information was crucial in demonstrating a reasonable basis for the recovery of punitive damages. *See id*. Moreover, it appears that much of the information Plaintiff relied on in her Motion, such as Dr. John Hopkins' August 15-18, 2017 deposition, was either known to her or in her possession long before she sought leave to amend the Complaint. Thus, in addition to Plaintiff's lack of diligence, Plaintiff has failed to demonstrate that the documents disclosed by J & J were even necessary to demonstrate a reasonable basis for the recovery of punitive damages.

Therefore, in light of the foregoing, the Court finds that Plaintiff has failed to demonstrate that she was diligent in discovering the information needed to amend the Complaint and, as a result, has failed to demonstrate good cause to modify the deadline to amend the pleadings nine months after it has passed. On that basis alone, the Motion is due to be denied.

But even if the Court found that Plaintiff established good cause to file an amended complaint, Plaintiff has failed to demonstrate that the Court should grant leave pursuant to Rule 15(a). Plaintiff argues that the timing of the Motion is neither the product of bad faith nor undue delay. Doc. 221 at ¶ 10. Further, Plaintiff argues that the amendment would not be futile under Florida Statute § 774.207(1), which states that "[p]unitive damages may not be awarded in any civil action alleging an asbestos or silica claim," because that section "violates the Equal Protection Clause of the Florida Constitution[.]" *Id*. at ¶¶ 11-15. These arguments are unpersuasive.

First, for the reasons discussed above, Plaintiff's delay in seeking leave to amend the Complaint is undue.

Second, the proposed amendment would be futile.  Plaintiff seeks to add a demand for punitive damages.  JJCI argued that the amendment would be futile because Plaintiff is prohibited from recovering such damages pursuant to section 774.207(1).  Doc. 190 at 7-8.  Plaintiff did not address this statute in her Motion,[3] nor did she argue that it is inapplicable in her reply.  *See* Docs. 162; 221.  Thus, Plaintiff tacitly acknowledged that section 774.207(1) applies in this case. Plaintiff, nevertheless, argued that her claim for punitive damages is not futile because section 774.207(1) is unconstitutional under the Equal Protection Clause of the Florida Constitution.  Doc. 221 at ¶¶ 11-15.  JJCI moved to strike this argument, arguing that it was improper for Plaintiff to raise such a new argument in her reply.  Doc. 231.  The Motion to Strike is unopposed and, thus, is due to be granted.  Doc. 59 at 7 ("Where no memorandum in opposition has been filed, the Court routinely grants the motion as unopposed.").   Further, the Court agrees that Plaintiff's constitutional argument was outside the scope of the order permitting Plaintiff to file a reply.  *See* Doc. 194.  Thus, the Motion to Strike is also due to be granted on its merits.  In light of the facts of this case, Plaintiff's tacit acknowledgement that section 774.207(1) applies in this case, and the striking of Plaintiff's constitutional challenge, the Court finds that section 774.207(1) would preclude an award of punitive damages in this case.  Thus, amending the complaint to add a demand for punitive damages would be futile, because that amendment would not survive a motion

---

[3] Plaintiff and her counsel should have addressed Florida Statute § 774.207(1) in the Motion, as there appears to be no dispute that it is applicable in this case.  The failure to address section 774.207(1) can arguably be viewed as further evidence of Plaintiff's counsel's lack of candor to the Court.  *See* Doc. 175; *see also* Fla. Bar. Rule 4-3.3(a)(3) ("A lawyer shall not knowingly . . . fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel.").

to dismiss or would be immediately subject to summary judgment for the defendant. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (discussing when leave to amend would be futile).

Finally, there appears to be no dispute that permitting Plaintiff to file an amended complaint would prejudice JJCI. Indeed, Plaintiff does not even contest that JJCI would be prejudiced. *See* Docs. 162; 221. JJCI would be prejudiced by permitting amendment so late in the case. Specifically, the Court would have to re-open discovery and, more than likely, would have to continue the trial scheduled for August. This would not only delay the case but would come at great expense to JJCI. Thus, permitting Plaintiff to file an amended complaint would cause undue prejudice to JJCI.

Therefore, in light of the foregoing, the Court finds that even if Plaintiff demonstrated good cause under Rule 16(b)(4), she has failed to demonstrate that the Court should grant leave pursuant to Rule 15(a).

## IV.   Conclusion

Accordingly, it is **ORDERED** that:

1. The Motion (Doc. 162) is **DENIED**;

2. The Motion to Strike (Doc. 231) is **GRANTED**; and

3. Plaintiff's argument challenging the constitutionality of Florida Statute § 774.207(1) (Doc. 221 at ¶¶ 11-15) is **STRICKEN**.

**DONE** and **ORDERED** in Orlando, Florida on June 8, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:  Counsel of Record